CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 6 2008

JOHN F. CORCORAN, CLERK
BY: _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BERNARD RAY RICHARDSON,       )
    Petitioner,                )        Civil Action No. 7:08-cv-00336
                              )
v.                            )        **MEMORANDUM OPINION**
                              )
GENE M. JOHNSON,              )        By: Hon. James C. Turk
    Respondent.                )        Senior United States District Judge

       Petitioner Bernard Ray Richardson, a Virginia inmate proceeding pro se, brings this habeas petition pursuant to 28 U.S.C. § 2254. Richardson challenges the validity of his confinement under his May 9, 2004, convictions in the Circuit Court of Charlottesville for burglary, possession of burglary tools, and petit larceny. He is currently serving the prison terms imposed for those convictions. Richardson claims that the Virginia courts detained him too long before trial in violation of his state and federal rights to a speedy trial. The respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for the court's consideration.[1] Upon review of the record, this court concludes that the motion to dismiss must be granted.

I.

       After conviction but before any direct appeal, Richardson filed a petition of writ of habeas corpus in the Supreme Court of Virginia. He attacked both his May 9, 2004, Charlottesville convictions and related Albemarle County convictions. The Supreme Court of Virginia dismissed his petition without prejudice on November 16, 2004, and directed him to file

_____

[1] Petitioner also filed a motion for default judgment. After reviewing the record, the court finds that Respondent's Rule 5 answer and motion to dismiss were timely filed.

separate petitions for any claims arising from different jurisdictions.

Richardson then filed another petition of writ of habeas corpus in the Supreme Court of Virginia on December 9, 2004, regarding only his May 9, 2004, convictions from Charlottesville. On May 3, 2005, the Supreme Court of Virginia granted Richardson a delayed direct appeal to the Court of Appeals of Virginia based on ineffectiveness of counsel. The Court of Appeals of Virginia affirmed Richardson's May 9, 2004, convictions and held that Richardson was brought to trial within Virginia's statutory period for a speedy trial. The Supreme Court of Virginia summarily denied his subsequent petition for appeal and petition for rehearing on November 13, 2007, and March 5, 2008, respectively.

In his instant § 2254 petition, Richardson claims that:

A.      His Virginia statutory right to a speedy trial was violated and

B.      His federal constitutional right to a speedy trial was violated.

## II.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Smith v. Moore, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to hear state law claim that jury instruction misstated state law). Federal courts may not grant writs of habeas corpus to petitioners in state custody unless the petitioners have first exhausted their state remedies by presenting their claims to the highest state court. 28 U.S.C. § 2254(b)(1). To properly present claims to state courts, petitioners must discuss "operative facts and the controlling legal principles[.]" Matthews v. Evatt, 105 F.3d 907,

911 (4th Cir. 1997) (internal quotation marks omitted). However, "presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000); see Duncan v. Henry, 513 U.S. 364, 366 (1995).

If petitioners fail to present their claims to the highest state court, those claims will be considered exhausted if they clearly would be procedurally barred under independent and adequate state law grounds. Gray v. Netherland, 518 U.S. 152, 161 (1996). Federal courts may not subsequently review those exhausted, defaulted claims because the claims are considered adjudicated on independent and adequate state law grounds. Id. See Teague v. Lane, 489 U.S. 288, 298-99 (1989). However, petitioners may be excused from their procedural default if they can demonstrate cause and prejudice for the default or that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thomspon, 501 U.S. 722, 749 (1991) (internal quotation marks omitted).

### A.

Richardson's claim that his Virginia statutory right to a speedy trial was violated must be dismissed because he cannot be entitled to federal habeas relief based on a violation of state law. 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-68. Therefore, this claim is dismissed.

### B.

Richardson failed to argue to the state appellate courts that his conviction was obtained in violation of his federal constitutional right to a speedy trial. If he went back to state court to raise this claim now, it would be barred under Slayton v. Parrigan, 215 Va. 27, 27 (1974). The Supreme Court of Virginia held in Slayton that "[t]he trial and appellate procedures in Virginia are adequate in meeting procedural requirements to adjudicate State and Federal constitutional

3

rights" and that "[a] prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction." Id. at 30. The United States Court of Appeals for the Fourth Circuit has repeatedly held that the rule set forth in Slayton constitutes an independent and adequate state ground for the denial of habeas relief. See, e.g., Fisher v. Angelone, 163 F.3d 835, 853 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998); Fitzgerald v. Greene, 150 F.3d 357, 366 (4th Cir. 1998).

Richardson could have raised his federal constitutional speedy trial claim in his direct appeal to the Court of Appeals of Virginia, but he failed to do so. Accordingly, the claim is procedurally defaulted under independent and adequate state procedural rules. This court may not review procedurally defaulted claims absent a showing of cause and prejudice or miscarriage of justice. See Wright, 151 F.3d at 160-61. Because Richardson makes no such showing to excuse his procedural default, this claim must be dismissed.

III.

For the foregoing reasons, the court denies Petitioner's motion for default judgment and grants Respondent's motion to dismiss Petitioner's § 2254 motion. A separate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 26ᵗʰ day of September, 2008.

Senior United States District Judge

4