CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

OCT 1 6 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BERNARD RAY RICHARDSON, ) | |
| Petitioner, ) | Civil Action No. 7:08-cv-00336 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE M. JOHNSON, ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |

Petitioner Richardson moves this court to reconsider its final order dismissing his habeas corpus petition pursuant to 28 U.S.C. § 2254. Richardson argues that he exhausted his Sixth Amendment speedy trial argument on direct appeal which would preclude procedural default of this claim. This court denies his motion for reconsideration because his underlying arguments are meritless even if he previously raised the issue.

I.

The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. In order to prove a Sixth Amendment speedy trial violation, Richardson "must show first that the Amendment's protections have been triggered by 'arrest, indictment, or other official accusation.'" United States v. Thomas, 55 F.3d 144, 148 (4th Cir. 1995) (quoting Doggett v. United States, 505 U.S. 647, 655 (1992)). As stated by the Court of Appeals of Virginia, Richardson was arrested on May 6, 2003, and indicted by a grand jury on August 18, 2003. Richardson v. Commonwealth, No. 1766-05-2, 2007 Va. App. LEXIS 170, at *2 (Va. Ct. App. April 24, 2007). Richardson was continuously held in custody from August 18, 2003, until his jury trial on March 9, 2004, when a jury found him guilty of burglary, petit larceny, and possession of tools with intent to commit burglary. Id. at *1-2.

To determine whether a pretrial delay violated Richardson's Sixth Amendment right to a speedy trial, the court must balance four considerations: (1) the length of the delay; (2) the reason for

the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the extent of prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972). The first inquiry for the length of the delay is also a threshold requirement. In order to trigger Sixth Amendment review under Barker, Richardson must generally have suffered at least a one-year delay, calculated from the earlier of his arrest, indictment, or other official accusation. Doggett, 505 U.S. at 655; see United States v. Woolfolk, 399 F.3d 590, 598 (4th Cir. 2005) (complainant must cross the threshold dividing ordinary from presumptively prejudicial delay).

Richardson cannot succeed on a Sixth Amendment speedy trial claim because he waited only ten months between his arrest and his trial. Furthermore, the Court of Appeals of Virginia held that eighty-six of those days were chargeable against Richardson because his counsel requested a continuance. Richardson, 2007 Va. App. LEXIS 170, at *8. Therefore, Richardson fails to prove the threshold requirement. However, Richardson's Sixth Amendment speedy trial claim would still fail after considering the Barker factors because a snow storm caused the court to close on the second scheduled trial date; the Commonwealth did not necessitate the delay. Id. at *4. Richardson also failed to demonstrate any resulting prejudice from having his trial held only ten months from his arrest. Accordingly, Richardson's motion for reconsideration is denied.[1]

II.

For the foregoing reasons, the court denies Richardson's motion for reconsideration.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel for the respondent.

ENTER: This 16th day of October, 2008.

*/s/ James C. Turk*
Senior United States District Judge

---

[1] The court also denies Petitioner's motion for reconsideration for the denial of his motion for default judgment. Respondent's Rule 5 answer and motion to dismiss were properly and timely filed.

2